IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES, ROOFERS UNION :
   LOCAL 30 COMBINED HEALTH AND :
   WELFARE FUND, :
BOARD OF TRUSTEES, ROOFERS LOCAL 30 :
WELFARE FUND – SCRANTON CHAPTER, :     CIVIL ACTION NO.
BOARD OF TRUSTEES, ROOFERS UNION :
   LOCAL 30 COMBINED PENSION FUND, :
BOARD OF TRUSTEES, ROOFERS UNION :
   LOCAL 30 COMBINED ANNUITY FUND, :
BOARD OF TRUSTEES, ROOFERS LOCAL 30 :
   JOINT APPRENTICESHIP FUND OF :
   PHILADELPHIA AND VICINITY, :
ROOFERS LOCAL 30 POLITICAL EDUCATION :
   FUND, and :
LOCAL UNION NO. 30 OF THE UNITED :
   UNION OF ROOFERS, WATERPROOFERS :
   AND ALLIED WORKERS :
6447 Torresdale Avenue :
Philadelphia, PA 19135 :
   :
   and :
   :
ROOFING CONTRACTORS ASSOCIATION :
   INDUSTRY FUND :
414 Rector Street :
Philadelphia, PA 19128 :
                    Plaintiffs, :
   v. :
   :
OLIVETTI ROOFING SYSTEMS :
   CORPORATION :
114 Lakeview Drive :
Scranton, PA 18505 :
   :
                    Defendant. :

**COMPLAINT**

    Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Board of Trustees, Roofers Union Local 30 Combined Health and Welfare Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Health and Welfare Fund ("Welfare Fund"), a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor," and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30 Combined Health and Welfare Plan ("Welfare Plan") and the Roofers Union Local 30 Vacation Plan ("Vacation Plan").[1]

   (a) The Welfare Plan is a "multiemployer plan" and "welfare plan" within the meaning of 29 U.S.C. § 1002(37), (1).

---

[1] Effective January 1, 2015, the Composition Roofers Union Local 30 Combined Vacation Fund merged into the Welfare Fund.

708220_1.docx
RF3000.35225.pl

2

(b) The Vacation Plan is a "multiemployer plan" and "welfare plan" within the meaning of 29 U.S.C. § 1002(37), (1). The Vacation Plan is known as and referenced as the "Vacation Fund" in the Labor Contract(s) relating to this complaint.

5. Plaintiff Board of Trustees, Roofers Union Local 30 Welfare Fund – Scranton Chapter is the collective name of the trustees of the Roofers Local 30 Welfare Fund – Scranton Chapter Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor," and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30-Scranton Chapter Welfare Plan.

(a) The Welfare Plan is a "multiemployer plan" and "welfare plan" within the meaning of 29 U.S.C. § 1002(37), (1).

6. Plaintiff Board of Trustees, Roofers Union Local 30 Combined Pension Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Pension Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Roofers Union Local 30 Combined Pension Plan. The Pension Plan is a "multiemployer plan" and "pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2). The trust, its trustees and plan are jointly and severally referenced as "Pension Fund" and "National Roofing Industry Pension Fund" in this complaint and the Labor Contract(s) relating to this complaint.

7. Plaintiff Board of Trustees, Roofers Union Local 30 Combined Annuity Fund is the collective name of the trustees of the Roofers Union Local 30 Combined Annuity Fund, a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan

administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Roofers Union Local 30 Combined Annuity Plan. The Annuity Plan is a "multiemployer plan" and "pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2). The trust, its trustees and plan are jointly and severally referenced as "Annuity Fund" in this complaint and the Labor Contract(s) relating to this complaint.

8.      Plaintiff Board of Trustees, Roofers Local 30 Joint Apprenticeship Fund of Philadelphia and Vicinity is the collective name of the trustees of the Roofers Local 30 Joint Apprenticeship Fund of Philadelphia and Vicinity ("Apprenticeship Fund"), a trust established under 29 U.S.C. § 186(c)(5). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1002(a), 1002(16), (21) of the Apprenticeship Fund, a "multiemployer plan" and "welfare plan" within the meaning of 29 U.S.C. 1002(37), (1). The trust, its trustees and plan are jointly and severally referenced as "Apprenticeship Fund" in this Complaint and is also known as "Roofing Apprenticeship Fund" and "Joint Roofing Apprenticeship Fund" in the Labor Contract(s) relating to this Complaint. The Apprenticeship Fund, together with the Welfare Fund, Pension Fund, and Annuity Fund, are referenced, jointly or severally, as "ERISA Funds" in this complaint.

9.      Plaintiff Roofing Contractors Association Industry Fund ("Industry Fund") is the common name of an account or fund established and maintained by the Roofing Contractors Association for the purpose of fostering and advancing the interest of the commercial roofing industry in the Philadelphia area.

10.     Plaintiff Roofers Local 30 Political Education and Action Fund ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the

selection, nomination, election and/or appointment of individuals for political office. The PAC is also known as and referenced as "Political Action and Educational Fund" and "Roofers Local 30 Political Education Fund" in the Labor Contract(s) relating to this Complaint.

11.     Plaintiff, Local Union No. 30 of the United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO ("Union" and, together with Industry Fund and PAC, "Associations"), is an unincorporated association commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of Defendant who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

12.     The ERISA Funds and Associations (altogether "Funds" or "Plaintiffs") maintain their principal place of business and are administered from offices located at the addresses listed in the caption.

13.     Olivetti Roofing Systems Corporation is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

14.     At all times relevant to this action, the Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contracts").  A copy of the Labor Contracts to which Company is bound and signature/assent pages are attached as Exhibits 1 and 2.

15.     Defendant also signed or agreed to abide by the terms of the agreements and declarations of trust of the ERISA Funds, as from time to time amended ("Trust Agreements"),

made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Labor Contract, Art. XXV (Welfare Fund), Art. XXVI (Pension Fund), Art. XXVII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXIX (Industry Fund), Art. XXX (Union Dues), Art. XXXII (PAC); Ex. 2, Labor Contract, Art. XXIII (Welfare Fund), Art. XXIV (Pension Fund), Art. XXIII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXV (Union Dues), Art. XXVII (PAC).

      16.     Under the Labor Contracts, Trust Agreements and applicable law, Defendant is required:

      (a)     To make full and timely payments on a regular basis to the Funds, as required by the Labor Contracts, Trust Agreements, and plan documents. Ex. 1, Labor Contract, Art. XXV (Welfare Fund), Art. XXVI (Pension Fund), Art. XXVII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXIX (Industry Fund), Art. XXX (Union Dues), Art. XXXII (PAC); Ex. 2, Labor Contract, Art. XXIII (Welfare Fund), Art. XXIV (Pension Fund), Art. XXIII (Vacation Fund), Art. XXVIII (Annuity Fund), Art. XXV (Union Dues), Art. XXVII (PAC).

      (b)     To timely file remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contracts. Ex. 1, Labor Contract, Art. XXXIII § 2; Ex. 2, Labor Contract, Art. XXIX § 2.

      (c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 1, Labor Contract, Art. XXXIII § 2(g); Ex. 2, Labor Contract, XXIX § 2(g).

(d) To pay liquidated damages, interest, and all costs of litigation, including reasonable attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, Labor Contract, Art. XXXIII § 2(b); Ex. 2, Labor Contract, XXIX § 2(b).

17. Plaintiffs conducted a contribution compliance audit for the period of January 1, 2014 through December 31, 2015, which was completed on or about June 22, 2018. The audit revealed a delinquency in the amount of $39,519.23.

18. Plaintiff has not provided documentation to substantiate any objection to the audit delinquency, nor responded to an invitation to meet with the auditor and present documentation.

19. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN**

**ERISA FUNDS**

**v.**

**COMPANY**

20. The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21. Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 1, 2014 through December 31, 2015 in at least the sum of $25,256.29 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 3.

22. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

### v.

### COMPANY

23.     The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

24.     The Company has not paid the ERISA Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

25.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 1, 2014

through December 31, 2015 in at least the sum of $39,519.23, as detailed on the attached Exhibit 3.

26. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the ERISA Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
DOMINIQUE B. E. WARD (No. 312477)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0617
Fax: (215) 922-3524
dward@jslex.com / usdc-edpa-erisa@jslex.com

Date: February 4, 2019            *Attorney for Plaintiffs*